I hereby certify that the annexed
instrument is a true and correct copy
of the original on file in my office
at [illegible]
[illegible] W. WIEKING
Clerk, U.S. [illegible] t Court
Northern District of California
By [signature]
DEPUTY CLERK
MAR 16 2005

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

APR 1 1 2005

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

*Send / JS - 6*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 2 4 2005

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1665*

SACV 02-1040-JW(MLG)

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ACACIA MEDIA TECHNOLOGIES CORP. PATENT LITIGATION

### BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

## TRANSFER ORDER

This litigation currently consists of the twenty actions listed on the attached Schedule A and pending in five districts as follows: fifteen actions in the Central District of California, two actions in the Northern District of California, and one action each in the District of Arizona, the District of Minnesota, and the Northern District of Ohio.[1] Section 1407 movant Acacia Media Technologies Corp. (Acacia) owns a number of patents relating to the storage, transmission and reception of compressed, digitized audio-visual content, and Acacia is currently engaged in what may be called two "rounds" of patent enforcement litigation involving this family of patents. The first round commenced in 2002 with the filing by Acacia of the first of what are now fifteen Central District of California patent infringement actions brought against an array of Internet adult entertainment companies. These "Round One" actions have been assigned since October 2003 to Judge James Ware (N.D. Cal.), sitting in the Central District of California pursuant to an intracircuit assignment under 28 U.S.C. § 292. The second round of actions now consists of five other patent infringement actions that have been brought by Acacia in four additional districts against cable, satellite and/or hotel in-room television companies. Acacia wants one judge to handle both rounds of cases, and it wants that judge to be Judge Ware, because of the familiarity he has already developed with the issues as a result of his Round One involvement. So as not to impede the progress of either round of actions, Acacia first moves the Panel, pursuant to 28 U.S.C. § 1407, for centralization of only the five "Round Two" actions before Judge Ware in the Northern District of California. But if the Panel believes that permitting the first and second round actions to proceed in different districts would be inappropriate, then Acacia alternatively moves, pursuant to 28 U.S.C. § 1407, for centralization of all twenty of the pending MDL-1665 actions before Judge Ware in the Northern California district. All responding parties are in agreement with (or do not oppose) the proposition that at least some of the Round One and/or Round Two actions should be centralized. Their disputes concern i) whether both rounds should be put together in a single multidistrict docket, and ii) the selection of

---

[1] The Section 1407 motion, as originally filed, included a third action pending in the Northern District of California, *Coxcom, Inc., et al. v. Acacia Media Technologies Corp.*, C.A. No. 3:04-4703. This action was voluntarily dismissed pursuant to a stipulation among the parties on Dec. 14, 2004. Accordingly, the question of Section 1407 transfer with respect to this action is moot.

DOCKETED ON CM
APR 1 2 2005
BY

255

- 2 -

the district in which MDL-1665 should be centralized. Among the responding Round Two action parties, there is agreement that only the Round Two actions should be centralized, but some of them support selection of the Northern District of California as transferee district, while others would support selection of the Central District of California. Responding defendants in various of the Round One actions pending in the Central District of California favor centralization of all Round One and Round two actions in the Central District of California.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Each of the twenty MDL-1665 actions involves allegations of infringement and invalidity of one or more of five Acacia patents sometimes referred to as the "Yurt family" of patents (after the last name of the inventor of the patents). All actions can thus be expected to share factual and legal questions concerning such matters as the technology underlying the patents, prior art, claim construction and/or issues of infringement involving the patents. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Round Two parties opposing the centralization of the Round One actions with the Round Two actions argue that i) the differences in the products and services of the parties involved in the two rounds (provision of adult entertainment content via the Internet in the Central District of California Round One actions, and provision of cable, satellite and in-room hotel entertainment in the Round Two actions) will be such as to lead to diverging pretrial proceedings with different types of fact and expert discovery; and ii) the Round Two parties risk being prejudiced by inclusion of the Round Two actions with significantly more advanced Round One proceedings. We are not persuaded by these arguments. We point out, first of all, that transfer under Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer. Questions relating to an overlapping set of patents are likely to be common to both the Round One and Round Two actions, regardless of the manner in which a particular defendant transmits information or the content of that information. Transfer under Section 1407 will thus permit all actions to proceed in one litigation before a single transferee judge who can structure pretrial proceedings to consider all parties' legitimate discovery needs, while ensuring that common parties and witnesses are not subjected to discovery demands which duplicate activity that will occur or has already occurred in constituent MDL-1665 actions. The transferee court will be able to i) make appropriate decisions regarding any impact that the Round One actions may have on pretrial proceedings in the more recently filed Round Two actions, while still allowing remaining pretrial matters in the Round One actions to be expeditiously concluded; and ii) formulate a pretrial program that allows any unique discovery in either round of actions to proceed concurrently on separate tracks with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976). It may well be that the Round One actions will be ready for trial in advance of the other MDL-1665 actions. If such is the case, we note that nothing in the nature of this Section 1407 centralization will impede the transferee court, whenever it deems it appropriate, from recommending Section 1407 remand and then, upon the effectuation of that remand, scheduling a trial in the Central District of California of any Round One action. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. 425, 436-38.

- 3 -

In concluding that the Northern District of California is the appropriate forum for this docket, we point out that Judge Ware, who is the agreed upon transferee judge choice of all responding parties, is a judge of the Northern California district.  While he also is currently assigned to the constituent Central District of California actions pursuant to an intracircuit assignment (and thus could also serve as transferee judge if the Panel ordered centralization in that California district), it would nevertheless undoubtedly be more convenient for him to manage this multidistrict assignment in his home district. We also note that the Northern California forum is a convenient and accessible district that is well equipped with the resources that this complex docket is likely to require.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable James Ware for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

MDL-1665 -- In re Acacia Media Technologies Corp. Patent Litigation

### District of Arizona

*Acacia Media Technologies Corp. v. Cable America Corp., et al.*, C.A. No. 2:04-1891

### Central District of California

*Acacia Media Technologies Corp. v. New Destiny Internet Group, LLC,*
    C.A. No. 8:02-1040
*Acacia Media Technologies Corp. v. Audio Communications, Inc.*, C.A. No. 8:02-1048
*Acacia Media Technologies Corp. v. VS Media, Inc., et al.*, C.A. No. 8:02-1063
*Acacia Media Technologies Corp. v. Ademia Multimedia, LLC*, C.A. No. 8:02-1165
*Acacia Media Technologies Corp. v. International Web Innovations, Inc., et al.,*
    C.A. No. 8:03-217
*Acacia Media Technologies Corp. v. Adult Entertainment Broadcast Network,*
    C.A. No. 8:03-218
*Acacia Media Technologies Corp. v. Cyber Trend, Inc.*, C.A. No. 8:03-219
*Acacia Media Technologies Corp. v. Lightspeedcash*, C.A. No. 8:03-259
*Acacia Media Technologies Corp. v. Innovative Ideas International, et al.,*
    C.A. No. 8:03-271
*Acacia Media Technologies Corp. v. Game Link, Inc.*, C.A. No. 8:03-308
*Acacia Media Technologies Corp. v. Club Jenna Inc., et al.*, C.A. No. 8:03-1801
*Acacia Media Technologies Corp. v. Cybernet Ventures, Inc., et al.*, C.A. No. 8:03-1803
*Acacia Media Technologies Corp. v. Global AVS, Inc.*, C.A. No. 8:03-1804
*Acacia Media Technologies Corp. v. ICS, Inc., et al.*, C.A. No. 8:03-1805
*Acacia Media Technologies Corp. v. National A-1 Advertising, Inc.*, C.A. No. 8:03-1807

### Northern District of California

*Acacia Media Technologies Corp. v. Comcast Corp., et al.*, C.A. No. 3:04-2308
*Acacia Media Technologies Corp. v. Mediacom Communications Corp.,*
    C.A. No. 3:04-3789

### District of Minnesota

*Acacia Media Technologies Corp. v. Mid-Continent Media, Inc., et al.,*
    C.A. No. 0:04-4069

### Northern District of Ohio

*Acacia Media Technologies Corp. v. Armstrong Group, et al.*, C.A. No. 1:04-1847